IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 13-4247 |
| | ) | |
| NICKY CASH | ) | |

**UNITED STATES OF AMERICA'S MOTION
TO DISMISS APPEAL AND CONSENT MOTION
TO STAY BRIEFING SCHEDULE**

The United States of America, by and through its undersigned counsel, hereby moves to dismiss the appeal filed by the defendant, Nicky Cash, on the ground that she waived her right to appeal the conviction and sentence imposed in this case pursuant to her plea agreement with the government and by virtue of having pled guilty in this case. As grounds for this motion to dismiss, the government states as follows:

**FACTUAL BACKGROUND**

On October 26, 2012, Nicky Cash, hereinafter defendant, entered a plea of guilty to Count One of the superseding indictment, charging her with racketeering conspiracy, in violation of 18 U.S.C. §1962(d). Pursuant to her plea agreement with the government, the defendant expressly waived her right to appeal the conviction and the sentence imposed by the district court, reserving the right to

1

appeal only if the sentence exceeded 327 months. See Exhibit A.

The plea agreement contained the following waiver-of-appeal language:

### Waiver of Appeal

In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a)    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **327 months** imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **292 months** imprisonment.

    c)    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d)    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of

>>the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Exhibit A at ¶ 11. (emphasis in original)

During the guilty plea hearing on October 26, 2012, the district court engaged in a colloquy with the defendant, as required by Federal Rule of Criminal Procedure 11 and, among other things, discussed with the defendant the appeal waiver provision of the plea agreement. JA 68. The district court informed the defendant that:

>>Basically if the sentence is more than 292 months or less than 327 months, which calculates to essentially it would appear quick calculations here, I mean basically it's a range of 24 years plus to 27 years, that's the range, that neither side, neither you nor the government, can appeal a sentence within that range.

JA. 68. The defendant indicated that she understood. JA 69.

On March 20, 2013, the defendant was sentenced to a 222 month term of incarceration, to be followed by three years of supervised release. JA 164. The 222 month sentence is clearly less than the 327 months, which would have enabled the defendant to appeal under the provisions of her plea agreement.

On April 1, 2013, the defendant filed a notice of appeal from the district court's judgment. On October 4, 2013, the defendant filed a brief in this court, in which she advanced the following arguments:

1. The defendant's sentence was "incorrect" based upon the

3

defendant's actions, her lack of criminal record, and the sentences imposed on her co-defendants;

2. The district court erred by sentencing her to more than the statutory minimum based on an alleged failure to advise the defendant that the government had to prove by a preponderance of the evidence that one-three kilograms of drugs were distributed by the conspiracy;

3. The defendant did not knowingly and intentionally waive her right to appeal.

For the reasons stated below, the government respectfully requests that this Court dismiss the defendant's appeal.

## **ARGUMENT**

This appeal should be dismissed because the defendant knowingly and intelligently waived her right to appeal the issues she now presents.

With narrow exceptions not relevant here, a defendant's waiver of her right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made. *See United States v. Blick*, 408 F.3d 162, 168-171 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399-401 (4th Cir. 2002); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). If a party files an

appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is the dismissal of the appeal. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

In this case, the record makes clear that the defendant entered into a plea agreement with the government which contained a valid waiver of appeal provision, and that she did so knowingly and intelligently. The appeal waiver found in the defendant's plea agreement in this case reads as follows:

### Waiver of Appeal

In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a)    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **327 months** imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is

>
> below **292 months** imprisonment.
>
> c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.
>
> d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Exhibit A ¶ 11. (emphasis in original)

This waiver is similar to the appeal waiver approved by this Court in *United States v. Johnson*, 410 F.3d 137, 149-50 (4th Cir. 2005). Furthermore, this Court denied relief under 28 U.S.C. § 2255 to a petitioner who sought to overcome an appeal dismissed because of the plea agreement's clearly-worded waiver of the right to appeal. *See United States v. Linder*, 552 F. 3d 391, 396-97 (4th Cir. 2009).

At the Rule 11 hearing, the district court reviewed all salient aspects of the plea agreement with the defendant and specifically drew the parties' attention to the waiver provision. JA 68. *See Blick*, 408 F.3d at 169 ("Although [the determination whether the waiver was knowingly and intelligently made] is often made based on the adequacy of the plea colloquy – specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances." (internal quotation

marks omitted)); *see also General*, 278 F.3d at 400-01 (holding that defendant knowingly and intelligently waived his right to appeal even though the "district court did not . . . mention the appellate waiver provision or inquire specifically into whether [the defendant] understood the significance of the waiver provision"). Moreover, on the record, the defendant acknowledged that she was entering into that waiver provision voluntarily.   JA 69.

Additionally, the defendant was represented by competent counsel at the time that she negotiated the plea agreement and at the time she entered the guilty plea itself.  *See Attar*, 38 F.3d at 731 (noting the significance of being represented during a guilty plea).   The defendant did not indicate or request that her plea was conditional by reserving her right to appeal any of the issues she now presents, nor did the government agree to a conditional plea.   In short, the waiver provision which is the subject of this motion is exactly the type of knowing waiver which this Court views as "valid and enforceable."   *Attar*, 38 F.3d at 732.

The knowing and voluntary nature of the defendant's entry into the plea agreement is additionally evidenced by defense counsel's active participation in the proceedings.

The defendant, moreover, in the plea agreement itself, and then during the guilty plea colloquy, acknowledged that she was satisfied with the representation of

7

her attorney, explaining in her own words that defense counsel "has done above and beyond what he should be doing for me. He's a wonderful attorney." JA 57. Additionally, at no time during the plea colloquy did the defendant or her attorney indicate a lack of understanding about the scope of the waiver-of-appeal provision in the plea agreement, or of any other part of the plea agreement. Therefore, based on the record before this Court, there is no indication that the defendant's waiver of her right to appeal her sentence was anything but knowing and intelligent.

Considering both the Rule 11 colloquy and the appeal waiver provision within the plea agreement, it is clear that the defendant made a knowing and intentional relinquishment of her full rights to appeal the conviction and the sentence in this case.

In contending that the defendant has filed this appeal in violation of her plea agreement with the government, the government notes that the defendant's appeal does not fall within any recognized limit that can be placed on her otherwise valid waiver of appeal. For example, the defendant was not sentenced to a term of imprisonment that exceeds the maximum penalty provided by statute, nor does she appear to contend that her sentence was based on any impermissible factor, such as race. *See Attar*, 38 F.3d at 732; *Marin*, 961 F.2d at 496 (finding that a waiver was enforceable where the defendant was contesting the application of a sentencing

guideline factor, and where he was not alleging that the sentence exceeded the maximum possible penalty or that the sentence was based on an impermissible factor). Moreover, there is no allegation by the defendant, nor is there any indication in the record, that the defendant was afforded ineffective assistance of counsel or that the government engaged in any misconduct that would warrant this Court's creating an exception to that waiver in this case. *See Attar*, 38 F.3d at 732. Rather, by filing this appeal, the defendant simply chooses to selectively ignore a provision of the plea agreement that she has now deemed to be disadvantageous to her.

For these reasons, the United States respectfully requests that the Court dismiss the instant appeal. To allow the defendant to pursue review of her conviction and sentencing issues as to which she expressly waived her right to any review, would contravene the very purpose of the inclusion of such provisions in plea agreements and would "eliminate the chief virtues of the plea system – speed, economy and finality." *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (*quoting Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

The United States further requests that the briefing schedule be stayed while this motion to dismiss is pending.

The United States has consulted with the defense counsel, who opposes the

9

motion to dismiss but consents to the motion to stay the briefing schedule.

## CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that this Court stay the briefing schedule and dismiss the instant appeal.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
Christopher J. Romano
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, MD 21201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Warren E. Gorman, Esquire
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, Maryland 20815

/s/
Christopher J. Romano
Assistant United States Attorney